[Civ. No. 11715.   Third Dist.   Mar. 24, 1969.]

CALVIN RICK CARLSON, a Minor, etc., Plaintiff and Appellant, v. LEONARD ROSS et al., Defendants and Respondents.

Jordan N. Peckham for Plaintiff and Appellant.

Rust & Hoffman and Ellis J. Horvitz for Defendants and Respondents.

REGAN, J.—Plaintiff appeals from a judgment after a jury verdict for defendants in this personal injury action.

Plaintiff, a minor of the age of 12 years, was a social licensee on defendants' home premises after dark, and while playing a game of tag with defendants' children plaintiff fell over defendants' bulldog and severely injured his hand when it came in contact with a broken, rough and jagged pipe

which protruded "an inch of two" above ground level. The pipe had been broken by one defendant and left in this condition for several years. Plaintiff was unaware of the pipe's existence prior to the accident.

The trial court gave the following instruction on the duty of care based on BAJI 212-B (Rev.).

"When the licensee's presence on the premises of another is known to the licensor, or when the latter has good reason to expect, or in the exercise of ordinary care ought to know, of the presence of the licensee, the licensor is bound to exercise ordinary care to avoid injuring the licensee; except, however, that the owner of premises is under no duty to a licensee to alter or repair the premises as they existed when the licensee entered.

"Take note also that everything I have said and may say on the duty of a licensor is subject to this overlying principle, that if and when a licensor actually learns that a licensee is in imminent danger of injury, and if, by exercising ordinary care, the licensor can minimize or thwart that danger, his duty is to apply such care to such a purpose."

■ Plaintiff contends that it was error to give this instruction, and urges that the true and correct rule is expressed by his proposed instruction based upon the Restatement of Torts (2d Rev.) section 342, page 210.[1] That instruction, which was refused by the court, states:

"A person who is in possession of land is legally liable for injuries to a social guest (in the absence of contributory negligence) if the injuries were caused by a dangerous condition on the land if the following conditions have been established by the evidence:

"First, that the possessor knows or has reason to know of the condition, and should realize that it involved an unreasonable risk of harm to such guest, and should expect that he will not discover or realize the danger; and

"Second, the possessor fails to exercise reasonable care, in either one of two ways, either by making the condition safe,

<hr>

[1]This section reads:

"A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,

"(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and

"(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and

"(c) the licensees do not know or have reason to know of the condition and the risk involved."

or by warning the guest of the condition and the risk involved; and

"Third, the guest did not know or have reason to know of the condition and the risk involved."

Plaintiffs state the crux of the question to be as follows. The instruction given contains the clause:

". . . [T]he owner of the premises *is under no duty to* alter or repair the premises . . . ." (Italics added.)

The proposed instruction, however, contains this clause:

". . . [T]he possessor fails to exercise reasonable care in either one of two ways, either by *making the condition safe, or by warning the guest of the condition* . . . ." (Italics added.)

The law in California on the subject of a landowner's negligence as it existed in 1965 was outlined in our opinion in *Hansen* v. *Richey* (1965) 237 Cal.App.2d 475, 477-479 [46 Cal.Rptr. 909]. Therein we stated that the injured plaintiff was classified either as an invitee, licensee or trespasser on the premises, according to the circumstances of his presence; that as to a licensee, a landowner was not liable for a defective condition not amounting to a trap—if the landowner's conduct was passive. He was, however, liable for negligent active conduct. We pointed out that the California rule had been criticized and two newer tests suggested: (1) the landowner must exercise reasonable care under the circumstances toward anyone whose presence is known or reasonably to be expected, and (2) the rule of the Restatement which retains the traditional classifications stated but (regarding licensees) in section 342 sets forth the provisions recited above. (See fn. 1.) Plaintiffs urge this court to adopt the rule of the Restatement and the views found in Harper and James (vol. 2, §§ 27.8 to 27.11, pp. 1470-1478). Defendants, on the other hand, contend that the jury was properly instructed and that the instruction given substantially incorporates the legal principles embodied in section 342 of the Restatement.

Reconsideration of our language in *Hansen* is unnecessary in view of the decision of the Supreme Court in *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561], which in its examination of tort law liability for premises accidents, rejects previous holdings and adopts a rule primarily based upon section 1714 of the Civil Code, that is. whether the owner or occupant in the management of his property has acted as a reasonable man in view of the probability of injury to others, stating (at p. 118):

"It bears repetition that the basic policy of this state set

forth by the Legislature in section 1714[2] of the Civil Code is that everyone is responsible for an injury caused to another by his want of ordinary care or skill in the management of his property. The factors which may in particular cases warrant departure from this fundamental principle do not warrant the wholesale immunities resulting from the common law classifications, and we are satisfied that continued adherence to the common law distinctions can only lead to injustice or, if we are to avoid injustice, further fictions with the resulting complexity and confusion. We decline to follow and perpetuate such rigid classification. *The proper test to be applied to the liability of the possessor of land, in accordance with section 1714 of the Civil Code is whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others,* and, although the plaintiff's status as a trespasser, licensee, or invitee may in the light of the facts giving rise to such status have some bearing on the question of liability, the status is not determitive." (Italics added.)

The instructions given in the instant case, which was tried before *Rowland,* reflect the common law approach that a licensor is under no duty to alter or repair the premises as they existed when the licensee entered. *Rowland,* however, abolishes these distinctions as between trespassers, licensees, and invitees and sets forth a new test. In the light of *Rowland,* the trial court erred in giving the instruction based on BAJI 212-B (licensees and licensors).[3] On retrial the jury should be instructed according to the holding in *Rowland* v. *Christian, supra,* 69 Cal.2d 108.

The order denying motion for new trial is not an appealable order. It is dismissed.

The judgment is reversed.

Pierce, P. J., and Bray, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 21, 1969.

---

[2]1714. "Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself."

[3]The Committee on BAJI has withdrawn its approval of Instruction 212-B (Revised), and adopted a new instruction based on the test set forth in *Rowland.* (See Supp. BAJI Instructions.)

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.